FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 12 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES LYONS, | |
| Plaintiff, | |
| V. | CIVIL ACTION FILE NO. 1:22-CV-1991-MHC |
| ELITE STREET CAPITAL, LLC, | |
| Defendant. | |

## AMENDED COMPLAINT AND RESPONSE TO ORDER REGARDING SUBJECT MATTER JURISDICTION

### 1. INTRODUCTION

Plaintiff would like to amend the action brought against Elite Street Capital LLC ("Elite Street "), asserting that Defendant has breached the Master Agreement lease contract entered between the parties. In the Complaint, Plaintiff alleges that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. That statutory provision states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — ... citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2) (2016).

As ordered the Plaintiff is listing the citizenship of the parties list the citizenship of all of Elite Street's members for purposes of diversity of citizenship jurisdiction. Each members of Elite Street Capital are citizens and residents of the State of Texas. Plaintiff is also explaining basis for the amount in controversy.

### 2. DISCUSSION

**A. Subject Matter Jurisdiction**

"Federal district courts are courts of limited jurisdiction under Article III, Section 2, of the United States Constitution". See, e.g., *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940), reh'g denied, 309 U.S. 695 (1940).
The question of subject matter jurisdiction is fundamental so that a court must raise the issue sua sponte, of its own accord, when the issue is not addressed by the parties. *Mansfield, C. &L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). See also *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte."), cert. denied, 549 U.S. 1282 (2007); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").
In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either: (1) "federal question" jurisdiction, applicable to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (2016); or (2) there exists 2"diversity of citizenship," complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a) (2016). See also *Strawbridge v. Curtiss*, 7 U.S. 267, 267–68 (1806); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

As to list the members of Elite Street Capital, Yoni Sade is the CEO and Founder/Principal of Elite Street Capital. Byron Plant is Vice President, Asset Management. Katherine Shuler is Vice President, Accounting. Lorraine McCoy is Vice President, Operations. Anita Suson is General Counsel. Colin Hope is Project Manager. Lisa Portz-is Lease Project Manager. Jasmen Underwood is Assistant Manager. Cindy Branly is Assistant Manager. Aderra Huerta is Manager.

All are citizens of the State of Texas and residents of the State of Texas.
Here, diversity jurisdiction is established as diversity jurisdiction exists between citizens of different state as listed. They are deemed citizens of Texas in which it has been incorporated and has its principal place of business in State of Texas and it possesses the citizenship of all its members. The burden of establishing diversity of citizenship has been provided.

### B. Jurisdictional Threshold of $75,000.00

Here in this section the Plaintiff would like to explain how the amount in controversy is asked for and why it in this case exceeds $75,000.00. Plaintiff is seeking both compensatory damages and punitive damages as Defendant breached its duty of good faith and fair dealing by acting unreasonably as to not properly respond and stop nor mediate the mold and mildew damage while Plaintiff lived at the unit while under contractual obligation to do so. Mold is the basis for litigation when occupants have been

harmed by exposure. The Defendant refused to resolve the issue and failed to communicate to the Plaintiff at all concerning exposure to asbestos and mold. Thus, the Defendant demonstrated conduct in which was intended to cause injury to the Plaintiff by making no apparent response to multiple efforts to get mediation. This despicable conduct which was carried out by the defendant for several months of knowledge of the issue was therefore <u>willful and conscious disregard of the rights and safety</u> of the Plaintiff." Plaintiff was oppressed as this despicable <u>conduct subjected him to cruel and unjust hardship</u> in conscious disregard of Plaintiff's rights. The Defendant would not return any phone calls or respond to any work orders or urgent maintenance requests at the resident portal. There was no possible way to further communicate with the Defendant and the actions of the Defendant were deliberate and recklessly indifferent. The Defendant should be penalized for this disregard and subjection to the mold and mildew. The Plaintiffs' injury could have been avoided thus by the Defendant. These punitive damages should also be awarded not to compensate injured Plaintiff but to punish Defendant whose conduct is considered grossly negligent or intentional.

Plaintiff still suffers from severe cough bouts and frequent dizziness and vision blurriness as a result of the mold exposure. The Plaintiff has suffered respiratory issues due to the mold. The Plaintiff had to leave the property once the mold and mildew made the conditions unlivable, in turn causing the Plaintiff to get an eviction. The Plaintiff's credit was then damaged from the eviction making it difficult to find a place to rent. This made the Plaintiff become distraught and severely depressed and suffer from emotional and psychological distress. The Plaintiffs' belongings inside of the unit were all damaged by the toxic mold and had to be thrown out. Pain and suffering should be compensated as the Plaintiff was forced to live with toxic-mold illnesses for an extended period of time prior to complete relocation.

This is a case and concern of extreme negligence as absolutely no safety precaution was taken to prevent the exposure to toxic mold by Elite Street. Plaintiff seeks $1,000,000 in compensatory damages and $1,500,000 in punitive damages and is requested in good faith.

Defendant made no apparent effort to even respond to the Plaintiff's request and further notifications displaying deliberate negligence and lack of any concern. The Defendants' reprehensible and improper conduct was the direct cause of Plaintiffs' ailment and oppression.

### 3. CONCLUSION

Accordingly, Plaintiff hereby would like to amended complaint correcting the pleading deficiencies previously mentioned in the Complaint. It should be accepted as true that this is the proper Court and it is has proper subject matter jurisdiction for diversity of citizenship and the amount requested for damages to Plaintiff. Upon review of this amended complaint, the Plaintiff asks the Court respectfully to determine that it possesses subject matter jurisdiction, and that this action may proceed.

Respectfully submitted,

*Charles Lyons* (signature)

Charles Lyons
1513 Jasmine Parkway
Alpharetta, GA 30022