# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARLES LYONS, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:22-CV-1991-MHC |
| VERO SADE and SADE CAPITAL, | |
| Defendants. | |

## ORDER

This case comes before the Court on Plaintiff's Request for Clerk's Entry of Default Judgment [Doc. 28], Defendants' Motion to Dismiss [Doc. 31], Plaintiff's Motion for Alternative Service [Doc. 32], and Plaintiff's Motion to Amend the Complaint [Doc. 33].

## I. BACKGROUND

This breach of contract action seeking $2,500,000.00 was filed in this Court on May 18, 2022, based on allegations that Defendant Elite Street Capital LLC ("Elite Street") violated a lease on an apartment leased by Plaintiff Charles Lyons. Compl. [Doc. 3]. More specifically, Plaintiff alleges that the apartment had toxic mold and that Elite Street failed to remediate the problem. Id. On June 30, 2022, this Court entered an Order detailing the deficiencies with Plaintiff's subject matter

jurisdiction allegations and directing him to file an amended complaint addressing those deficiencies within twenty-one days [Doc 5]. Within the time permitted, Plaintiff filed an Amended Complaint [Doc. 6].

On August 30, 2022, this Court entered an Order finding that Plaintiff's Complaint was not frivolous, permitting Plaintiff to proceed with his case, and directing Plaintiff to complete the USM 285 form, summons, and initial disclosures forms and return them to the Clerk within thirty days in order to effectuate service [Doc. 8]. Plaintiff complied, and then moved for the entry of default on November 14, 2022, which this Court denied based on the absence of evidence that Elite Street was served. Dec. 2, 2022, Order [Doc. 16].

Subsequently, this Court granted Plaintiff's motion to amend his Complaint, resulting in the filing of a second Amended Complaint [Doc. 19] on December 27, 2022, wherein Plaintiff added the following three new defendants in lieu of the

previously named defendant: (1) Yehonotan Sade,[1] (2) Vero Sade,[2] and (3) Sade Capital LLC.

### A. Plaintiff's Previous Lawsuit Against Elite Street Was Dismissed for Failure to Effectuate Service.

On July 23, 2021, Plaintiff filed a Complaint against Elite Street seeking $2,000,000.00 based on identical allegations that Elite Street breached the lease by failing to remediate mold and mildew damage in his apartment. Compl. [Doc. 2], Charles Lyons v. Elite Street Capital Properties, No. 1:21-CV-2969-MHC ("Lyons I"). After denying two motions for entry of default, the Court dismissed the Lyons I without prejudice for failure to comply with FED. R. CIV. P. 4(m) (requiring a plaintiff to serve the defendant within 90 days after the complaint is filed). April 4, 2021, Order, Lyons I.

---

[1] The Court notes that Defendants take issue with the addition of Yehonotan Sade as a named Defendant in this case, arguing that Plaintiff's motion to amend the complaint did not identify nor seek permission to add Yehonotan Sade as a potential defendant. See Defs.' Opp'n to Pl.'s Mot. for Default J. [Doc. 30] at 5; Defs.' Mot. to Dismiss at 1. This issue is addressed in Section IV, *infra*.

[2] Defendants point out that Vero Sade is not the correct name. US Living, LLC is the correct name, doing business as Vero Sade. Defs.' Mot. to Dismiss at 1.

3

### B. There is no Evidence Plaintiff has Effectuated Service on Defendants.

On March 16, 2023, the Court entered an order noting that none of the Defendants had been served in this case and again directed Plaintiff to complete the USM 285 form, summons, and initial disclosures forms so that the process of serving Defendants could begin [Doc. 21]. The docket reflects that service packages were prepared for Defendants and sent to the United States Marshals Service on May 1, 2023 [Doc. 27]. On May 24, 2023, Plaintiff filed the present Motion for Entry of Default. There is no evidence in the record that any Defendant has been served to date.

## II. PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

### A. Legal Standard

The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint seeking affirmative relief. FED. R. CIV. P. 55(a). However, before directing the clerk to enter a default, the Court must determine whether the plaintiff properly effected service of process, for which Plaintiff bears the burden of proof. FED. R. CIV. P. 4(l). If the plaintiff has failed to properly serve the defendant with process, then the plaintiff is not entitled to the entry of a default despite the defendant's failure to timely respond. See Onpower, Inc. v. United Power Line Contractors, LLC, No. 2:15-cv-796-FtM-

99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant."); 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2020) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."). When seeking the entry of a default, the "[p]laintiff has the burden of establishing effective service of process." Onpower, 2016 WL 9049315, at *1.

## B. Discussion

Plaintiff avers that "[t]he defendant was personally served, by US Marshal assigned, with copies of Plaintiff's Summons and Complaint as provided by Rule 4(c)(1), Federal Rules of Civil Procedure." Aff. for Entry of Default of Charles Lyon (May 23, 2023) [Doc. 28-1] ¶ A.[3] However, upon a review of the docket, the Court is unable to locate any evidence that any Defendant has been served.

---

[3] This language is verbatim to the language used in the affidavit Plaintiff submitted in conjunction the motion for the entry of default Plaintiff filed on November 14, 2022. Aff. for Entry of Default of Charles Lyon (Nov. 15, 2023) [Doc. 15] ¶ A.

5

Although the docket reflects that a service package was prepared and forwarded to the United States Marshals Service on May 1, 2023 [Doc. 27], there is no subsequent docket entry indicating that such service has been properly accomplished by either the Marshals Service or otherwise.[4] Because Plaintiff has failed to present any evidence that any Defendant has been served, his request for the clerk's entry of default fails and Plaintiff's Request for Clerk's Entry of Default Judgment is **DENIED**. See United States v. Donald, No. 3:09-CV-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (denying the application for entry of default where the plaintiff failed to present evidence of service that met any of the approved methods outlined in Rule 4(e)(2)).

### III. PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Plaintiff moves to serve Defendants by e-mail, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Mot. for Alternative Service at 1. Rule 4(f) is entitled "Serving an Individual in a Foreign Country." FED. R. CIV. P. 4(f). That Rule and its subparts deal only with service in a place "not within any judicial district in the United States." Id. Thus, Rule 4(f)(3) necessarily contemplates

---

[4] In cases where the United States Marshal's Service personally serve a defendant, a completed USM 285 form is filed with the Clerk. See Dunn v. Fed. Exp., No. 1:14-CV-00609-WSD, 2014 WL 1028949, at *3 (N.D. Ga. Mar. 14, 2014).

6

service by other means for purposes of service outside of the United States. See, e.g., Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC), 107 F. Supp. 3d 134, 137-39 (D.D.C. 2015) (collecting cases and noting that courts have authorized service pursuant to Rule 4(f)(3) only where some part of the service occurred outside of the United States); Drew Techs., Inc. v. Robert Bosch, L.L.C., No. 12-15622, 2013 WL 6797175, *1-*4 (E.D. Mich. Oct. 2, 2013) (vacating prior order where service granted by the court under Rule 4(f)(3) was only to occur within the United States, and finding that service under Rule 4(f)(3) is clearly limited to methods of service made outside of the United States).

Because the plain language of Rule 4(f)(3) requires that the alternative service sought contemplates that at least some component of service will occur outside of the United States, and Plaintiff has not requested service in a method that will occur outside of the United States, Plaintiff's Motion for Alternative Service is **DENIED**.

## IV. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

### A. Legal Standard

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend the complaint once as a matter of course within twenty-one days after service of a response by answer or motion. Otherwise, the party may amend the complaint

"only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) further instructs that "[t]he court should freely give leave when justice so requires." Id. "An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir. 2006). "The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial." Spanish Broad. Sys. v. Clear Channel Commc'ns, 376 F.3d 1065, 1077 (11th Cir. 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). When considering whether such a reason exists, the district court may consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman, 371 U.S. at 182; see also Felio v. Hyatt, No. 1:12-CV-4186-ODE, 2014 WL 12634467, at *6 (N.D. Ga. Aug. 7, 2014) (citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009)); see also Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King

8

Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985)).

**B.　Discussion**

Plaintiff seeks to amend his complaint to add Yehonotan Sade and US Living LLC as named defendants in this case, arguing that Defendants changed the companies' names after litigation began in this case. Pl.'s Mot. to Am. the Compl. Plaintiff does not present any evidence to support his argument that any Defendant has changed its name since the above-styled lawsuit was filed. Defendants object, arguing, *inter alia*, that Plaintiff never sought leave to add Yehonotan Sade in his Motion to Amend that was filed on December 19, 2022. Defs.' Opp'n to Pl.'s Mot. to Am. the Compl. [Doc. 37]. Defendants contend that it was improper for Plaintiff to simply add Yehonotan Sade as a named Defendant in the Amended Complaint that was filed on December 27, 2022. Id.

The Court agrees with Defendants. It was improper for Plaintiff to add Yehonotan Sade as a named Defendant when the Court granted his motion to amend his complaint, but limited the amendment to "chang[ing] the name of Defendant Elite Street Capital LLC ("Elite Street") to Sade Capital and [to] add[ing] Vero Sade as a defendant." Dec. 20, 2022, Order [Doc. 18]. It was improper for Plaintiff to exceed the scope of this Court's Order. See Barnes v. Sea

Hawai'i Rafting, LLC, 493 F. Supp. 3d 972, 978-79 (D. Haw. 2020), aff'd sub nom., Barnes v. Kris Henry, Inc., 2022 WL 501582 (9th Cir. Feb. 18, 2022) ("When leave is granted to amend certain claims against specific parties, the Court may dismiss and strike any portions of the amended pleading not expressly permitted. The rule applies even if the court did not expressly bar amendments other than the ones it did allow.") (quotation and citation omitted).

Additionally, the Court finds that Plaintiff has not exercised any diligence in curing the deficiencies this Court has repeatedly identified in his pleadings over the course of this lawsuit and Lyons I. The absence of diligence has resulted in the undue delay of his present Motion to Amend. The facts underlying this lawsuit have been known to Plaintiff since the summer of 2019, when he allegedly sent a maintenance request regarding the mold and mildew that was not properly handled by Defendant. He filed Lyons I on July 23, 2021, and that lawsuit was dismissed on April 4, 2021 for a failure to serve Elite Street. The present lawsuit was then filed on May 18, 2022. Plaintiff has had ample opportunity to identify the correct Defendants but has failed to do so in timely manner. Accordingly, Plaintiff's Motion to Amend the Complaint is **DENIED**.

## V. DEFENDANTS' MOTION TO DISMISS

### A. Legal Standard

A federal district court only has jurisdiction over the named Defendants who have been properly served. See Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 921 (11th Cir. 2003). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may bring a motion to dismiss for insufficient service of process. FED. R. CIV. P. 12(b)(5). The burden is on the plaintiff to establish the validity of the service on the defendant; in determining whether the burden has been met, the court shall apply the same standards of proof governing motions to dismiss for lack of personal jurisdiction. Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). In this context, the Eleventh Circuit has held that "a prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir.1988). If the plaintiff establishes a prima facie case, then the defendant, as the moving party, bears the burden of producing affidavits that, in non-conclusory fashion, demonstrate the absence of service. Lowdon PTY Ltd., 534 F. Supp. 2d at 1360 (citing Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)). If the plaintiff presents countering evidence, "the court must construe all reasonable inferences in

favor of the plaintiff' and, given that the Court construes all reasonable inference in favor of the plaintiff, the plaintiff's presentation of sufficient evidence to defeat a motion for directed verdict ends the inquiry favorably to the plaintiff. Id.

### B. Discussion

Defendants argue that this case should be dismissed because Plaintiff has failed to effect service within the time period allowed by the Federal Rules of Civil Procedure. Mem. of Law in Supp. of Defs.' Mot. to Dismiss [Doc. 31-1]. Rule 4 of the Federal Rules of Civil Procedure give a plaintiff ninety days to serve a defendant:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4. "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir.1991)). "Though good cause is not defined in the rule, case law has made it clear that good cause requires some diligence by plaintiff and is more than inadvertence of counsel or half-hearted attempts at service." Leonard v. Stuart-James Co., Inc., 742 F. Supp.

653, 661 (N.D. Ga. 1990). "Most courts applying the term 'good cause' under Rule 4(m) have found it only if the plaintiff has been diligent in attempting to serve the complaint." United States v. Coldwell Banker Bullard Realty Co., Inc., 1:08-CV-3427-MHS, 2009 WL 10664944, at *2 (N.D. Ga. July 22, 2009) (citation omitted).

Plaintiff filed his second Amended Complaint on December 27, 2022, and was therefore required to serve Defendants by March 27, 2023. There is no evidence in the record that any Defendant has been served. Plaintiff has not shown nor argued good cause for failing to serve Defendants.[5] See generally Pl.'s Opp'n of Mot. to Dismiss [Doc. 34]. The Court finds that Plaintiff has not served process within the time permitted by law and has failed to show good cause for not complying with the requirements of Rule 4(m). Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

---

[5] Indeed, Plaintiff's failure to serve any Defendant with the Complaint in this case coupled with the failure to serve the defendant in Lyons I, amounts to a failure to serve the same entities over the course of two lawsuits dating back to July of 2021, and tends to undermine any argument that Plaintiff might make that he has exercised even a modicum of diligence in serving Defendants.

## VI. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Request for Clerk's Entry of Default Judgment [Doc. 28], Plaintiff's Motion for Alternative Service [Doc. 32], and Plaintiff's Motion to Amend the Complaint [Doc. 33] are **DENIED**. It is further **ORDERED** that Defendants' Motion to Dismiss [Doc. 31] is **GRANTED**.

The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 18th day of December, 2023.

_____
MARK H. COHEN
United States District Judge